UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Omar Trochez Mejia,
A 30-342-556
        Petitioner,

- against -

Bruce Chadbourne
District Director, United States Immigration
and Customs Enforcement, Department of
Homeland Security
        Respondent.

05 - 11378 PBS

RECEIPT #
AMOUNT $
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 6/29/05

MAGISTRATE JUDGE Sorokin

Jeffrey B. Rubin
The Law Offices of Jeffrey B. Rubin
One Center Plaza, Suite 203
Boston, MA 02108

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND PETITION FOR WRIT OF HABEAS CORPUS**

This is an action brought pursuant to 28 USC §1331, 28 USC §2241, 5 USC §551 *et seq.*, 28 USC §§2201 *et seq.*, and the All Writs Act, 28 USC §1651 for declaratory and injunctive relief, to protect Petitioner's rights under the Due Process Clause of the Fifth Amendment to the Constitution and applicable federal law, and to issue a writ of habeas corpus, and enjoin Petitioner's detention and removal from the United States. In support of this petition, Petitioner states as follows:

**JURISDICTION AND VENUE**

1.    This action arises under the Constitution, the Immigration & Nationality Act of 1952, as amended (INA), 8 USC §1101 *et seq.*, and the Administrative Procedure Act (APA), 5 USC §701 *et seq.* This Court has habeas jurisdiction pursuant to 28 USC §2241, Art. 1, §9, Cl. 2 of the United States Constitution (the "Suspension Clause"); and the common law. This Court may also exercise jurisdiction pursuant to 28 USC§1331 and may grant relief pursuant to the Declaratory Judgment Act, 28 USC§2201 *et seq.*, and the All Writs Act, 28 USC §1651.

The REAL ID Act of 2005 purports to eliminate habeas corpus review of final orders of removal, deportation or exclusion. See REAL ID Act, P. L. 109-13, 119 Stat. 231 (May 11, 2005). However, under the U.S. Constitution, "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U. S. 507 (2004), citing the U. S. Const., Art. I, §9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").

2. Venue lies in the United States District Court for the District of Massachusetts where the Petitioner has been detained and from where the Immigration & Naturalization Service (INS) will execute the final order of deportation.

## PARTIES

3. Petitioner is a native and citizen of Honduras who has been a lawful permanent resident of the United States since May 27, 1973.

4. Respondent, Bruce Chadbourne, is the District Director of Immigration and Customs Enforcement (ICE) department of the Department of Homeland Security (DHS) for the Massachusetts District, which includes jurisdiction over the immigration detention facility within the Suffolk County House of Corrections, South Bay. As such, he is charged with the duty of administration and enforcement of all the functions, powers and duties of the Immigration and Customs Enforcement department of the Department of Homeland Security.

## EXHAUSTION OF REMEDIES

5. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. At the time of Petitioner's removal hearing on May 18, 1998 and on the date of his final order of removal, May 9, 2001, there was no apparent relief available to Petitioner, as the Supreme Court of the United States did not decide St. Cyr until June 25, 2001. INS v. St. Cyr, 121 S. Ct. 2271 (2001).

6. In the alternative, Petitioner argues that he is not required to exhaust his administrative remedies in order to bring a claim in habeas. See St. Cyr, 533 U.S. at 311-12 (2001); Jankowski v. INS, 138 F. Supp. 2d 269, 273-76 (D. Conn 2001), rev'd on other grounds 291 F.3d 172 (2nd Cir. 2002).

## STATEMENT OF FACTS

7. Petitioner was admitted to the United States as a lawful permanent resident on May 27, 1973. He came to this country at the age of 18 and is now 50 years old. His birth country is a foreign country to him in all ways. Petitioner has four US citizen children, and the mother of those children, with whom he has lived for 24 years, is a legal permanent resident. Petitioner has several brothers and sisters in the United States, all legal permanent residents or U.S. citizens.

8. Until he was seriously injured in a motor vehicle accident in 1992, Petitioner was a bus driver for the public transportation system in Massachusetts. Petitioner is a long-time parishioner at Our Lady of Lourdes Catholic church in Jamaica Plain, Massachusetts. Until May of 1996, he had never been convicted of any crime in the United States or any other country.

9. On May 16, 1996, a criminal complaint was filed against Petitioner on two counts of assault and battery and one count of assault and battery with a dangerous weapon in West Roxbury District Court in Massachusetts. The dates of the offenses charged were March 27, 1996 (A&B), April 20, 1996 (ABDW), and May 14, 1996 (A&B). The Petitioner pled guilty or

admitted to sufficient facts to all three charges on May 29, 1996 and was sentenced to two years in a house of correction, 6 months to serve, the remainder suspended for three years.

10. Petitioner gained early release due to good behavior in the house of correction, and successfully completed his parole and probation. On April 12, 2001, the Massachusetts Advisory Board of Pardons voted to submit a favorable recommendation for a conditional pardon to the Governor of Massachusetts. That recommendation lapsed and was denied without prejudice with the Governor failed to act upon it. Since his convictions of May 29, 1996, Petitioner has not been indicted for or convicted of any crime in this country or any other.

11. On March 25, 1998, the Immigration and Nationality Service filed a Notice to Appear with the Immigration Judge (IJ) in Oakdale, Louisiana and charged Petitioner as deportable under INA §241(a)(2)(A)(iii) (aggravated felony). At a Master Calendar Hearing on May 5, 1998, Petitioner conceded deportability and sought withholding of removal. At the merits hearing held on May 18, 1998, Petitioner withdrew his request for withholding and the IJ ordered Petitioner deported. Petitioner timely filed an appeal with the Board of Immigration Appeals (BIA), which appeal was denied on May 9, 2001.

12. On May 21, 1998, Petitioner was released from federal detention on a bond of $8,000, and returned to his home in Roslindale, Massachusetts. He has never received notice that his bond had been cancelled. Petitioner's home address has not changed since before he was placed in removal proceedings in 1998.

13. On April 7, 2005, Petitioner hired Attorney Carlos Estrada of Boston, Massachusetts to file a Motion to Reopen with the Board of Immigration Appeals to petition for 212(c) relief. On April 26, 2005, the deadline under 8 C.F.R. 1003.44 for filing a Motion to Reopen requesting 212(c) relief, Attorney Estrada informed Petitioner by telephone that he would not be filing as promised because Attorney Estrada believed that Petitioner was ineligible for that relief under 8 C.F.R. 1003.44. Attorney Estrada memorialized this conversation in his letter of April 27, 2005 to Petitioner. By refusing to file a timely Motion to Reopen as promised, Attorney Estrada denied Petitioner the opportunity to timely argue to the BIA that the regulations were unconstitutional as applied to him.

14. On June 11, 2005, ICE officers went to Petitioner's home, arrested him and transported him to the ICE Detention and Removal Office in Boston, Massachusetts for initial processing for the execution of the final order of deportation. Petitioner is currently in custody pursuant to INA §241, which mandates his detention without giving him an opportunity to demonstrate that he is not a danger or a flight risk and, therefore, that no purpose is served by his detention. Petitioner is currently being detained at the Suffolk County House of Corrections at South Bay, 20 Bradston Street, Boston, MA 02118.

15. On June 20, 2005, attorney Kathleen M. Gillespie, an associate attorney at the Law Offices of Jeffrey B. Rubin, One Center Plaza, Suite 230, Boston, MA 02108 filed a Motion to Vacate the conviction underlying the order of removal in West Roxbury District Court, the Massachusetts state court where Petitioner pled guilty. The motion to vacate was based on a procedural defect in the plea colloquy under M.G.L. c. 278, sec. 29D. A hearing on the matter was held on June 24, 2005 before the Honorable Judge Coffey. Judge Coffey took the matter under advisement.

## LEGAL BACKGROUND

16. On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 1001 Stat. 1214 (AEDPA). Section 440(d) of AEDPA amended INA §212(c) to preclude legal permanent residents convicted of certain crimes from seeking waivers in deportation proceedings.

17. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRAIRA), P.L. 104-208, 110 Stat. 3009, was enacted September 30, 1996. Certain parts of that legislation became effective immediately; other parts took effect April 1, 1997. IIRAIRA expanded the group of deportable crimes and aggravated felonies. Under the law prior to IIRAIRA, a crime of violence was not an aggravated felony or a deportable offense unless the conviction came with a sentence of five years or more in prison. Therefore, at the time of Respondent's guilty plea on May 29, 1996, he was not pleading to a deportable offense. However, a defendant in Petitioner's situation would still have reasonably relied on the availability of 212(c) relief, since any reasonably competent criminal attorney should have advised such a Respondent that Congress has the power to, and has in the past, enacted legislation retroactively making crimes deportable offenses.

17. On June 25, 2001, the Supreme Court of the United States held in INS v. St. Cyr that people who had pled guilty to a deportable offense at a time when they may have been eligible for §212(c) relief remain eligible for the §212(c) waiver. INS v. St. Cyr, 121 S. Ct. 2271 (2001). The Court based its decision on a retroactivity analysis, holding that…

18. The Department of Justice (DOJ)'s final rule on procedures for applying for section 212(c) relief pursuant to the Supreme Court's decision in St. Cyr became effective on October 28, 2004. 8 C.F.R. 1003.44. Because Petitioner plead guilty after April 24, 1996 but before April 1, 1997, and because he has been convicted of what is now defined as an aggravated felony, he is ineligible under the regulation for 212(c) relief under the regulations. Petitioner argues that those regulations are invalid because the case law of this nation, including that of the Supreme Court's holding in St. Cyr, suggests that 212(c) relief should still be available to those who pled guilty before the old 212(c) relief was eliminated on April 1, 1997. See INS v. St. Cyr, 121 S. Ct. 2271 (2001); Maria v. McElroy, 58 F. Supp. 2d 206 (E.D.N.Y. 1999),aff'd, Pottinger v. Reno, 2000 U.S. App. LEXIS 33521 (2d Cir. 2000)(unpublished decision).

19. Petitioner has been detained after release on bond even though the 90 day removal period required under 8 U.S.C. § 1251 has long since run. Neither Petitioner nor his attorney have been served with papers explaining the legal basis for this detention.

## IRREPARABLE HARM

20. The Respondent's conduct is depriving Petitioner of his liberty without providing his due process of law. The deprivation of his liberty is, in and of itself, irreparable harm.

## FIRST CLAIM FOR RELIEF
### (Substantive Due Process Violation)

21. The allegations set forth in paragraphs 1 through 17 above are repeated and

realleged as though fully set forth herein.

22. As a lawful permanent resident, Petitioner is protected by every clause of the United States Constitution that is not expressly reserved to citizens. This protection includes the Fifth Amendment. 8 C.F.R. 1003.44 as written and as applied to Petitioner violates substantive due process under the Fifth Amendment of the United States Constitution.

### SECOND CLAIM FOR RELIEF
### (Equal Protection Violation)

23. The allegations set forth in paragraphs 1 through 17 above are repeated and realleged as though fully set forth herein.

24. As a lawful permanent resident, Petitioner is protected by every clause of the United States Constitution that is not expressly reserved to citizens. This protection includes the Fifth Amendment. 8 C.F.R. 1003.44 violates the equal protection clause of the Fifth Amendment.

### THIRD CLAIM FOR RELIEF
### (Due Process Violation)

25. The allegations set forth in paragraphs 1 through 17 above are repeated and realleged as though fully set forth herein.

26. As a lawful permanent resident, Petitioner is protected by every clause of the United States Constitution that is not expressly reserved to citizens. This protection includes the Fifth Amendment. 8 C.F.R. 1003.44 violates the procedural due process clause of the Fifth Amendment.

### FOURTH CLAIM FOR RELIEF
### (Due Process Violation)

27. The allegations set forth in paragraphs 1 through 17 above are repeated and realleged as though fully set forth herein.

28. As a lawful permanent resident, Petitioner is protected by every clause of the United States Constitution that is not expressly reserved to citizens. This protection includes the Fifth Amendment. The detention of Petitioner without notice of the grounds of that detention violates the procedural due process clause of the Fifth Amendment.

### PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that this Honorable Court grant the following relief:

(1) Grant the writ of habeas corpus;

(2) Issue an injunction enjoining Respondents from deporting Petitioner;

(3) Declare that the retroactive application of 8 C.F.R. 1003.44 in Petitioner's case violates the due process clause of the Fifth Amendment;

(4)   Declare that the retroactive application of 8 C.F.R. 1003.44 in Petitioner's case violates the equal protection clause of the Fifth Amendment;

(5)   Vacate the order of deportation and remand the case to the Immigration Court for consideration of relief under former INA §212(c);

(6)   Award to Petitioner reasonable costs and attorneys' fees; and,

(7)   Grant any other and further relief that this Honorable Court deems just and proper.

Respectfully submitted,

_____
Jeffrey B. Rubin
The Law Offices of Jeffrey B. Rubin
One Center Plaza, Suite 203
Boston, MA  02108

## VERIFICATION

Pursuant to 28 USC §2242, the undersigned certifies under penalty of perjury that he has reviewed the foregoing petition and that the facts state therein concerning Petitioner are true and correct.

_____Omar Trochez Mejia_____
(Petitioner's signature/name)

Date submitted:  6-29-05

## CERTIFICATE OF SERVICE

I, Jeffrey B. Rubin, do hereby certify that a true and accurate copy of this Complaint for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus has been delivered via first class mail to:

Bruce Chadbourne
District Director, US Immigration and Customs Enforcement
Department of Homeland Security
JFK Federal Building, Room 1725
15 New Sudbury Street
Boston, MA 02203

Dated this 28th day of June, 2005,

_____
Jeffrey B. Rubin, BBO#640964
Law Offices of Jeffrey B. Rubin, P.C.
One Center Plaza, Suite 230
Boston, MA 02108
(617) 367-0077

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX C LOCAL COVER SHEET

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Omar Trochez Mejia v. Bruce Chadbourne, District Director U.S. Immigration and Customs Enforcement, Department of Homeland Security

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ✓    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐   NO ☑

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐   NO ☑

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐   NO ☑

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☑   NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Jeffrey B. Rubin
ADDRESS   One Center Plaza, Suite 230 Boston, MA 02108
TELEPHONE NO.   617-367-0077

(AppendixC.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

APPENDIX B   CIVIL COVER SHEET

(b) County of Residence of First Listed Plaintiff **Honduras**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

**Jeffrey B. Rubin**
**The Law Offices of Jeffrey B. Rubin**
**One Center Plaza, Suite 230**
**Boston, MA 02108**

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**Petition for Writ of Habeas Corpus   28 USC 2241**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE **6/29/2005**

SIGNATURE OF ATTORNEY OF RECORD  _/s/ Jeffrey B. Rubin_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____