UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMAR TROCHEZ MEJIA,            )<br>                               )<br>        Petitioner             )<br>                               )        Civil Action No.<br>     v.                        )        05cv11378-PBS<br>                               )<br>BRUCE CHADBOURNE, FIELD OFFICE )<br>DIRECTOR, BUREAU OF IMMIGRATION)<br>AND CUSTOMS ENFORCEMENT,       )<br>                               )<br>        Respondent             ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**PRELIMINARY STATEMENT**

Petitioner has filed a habeas corpus action seeking judicial review of his May 9, 2001, final removal order.  See Attachment A.  However habeas corpus jurisdiction for such review has now been eliminated by Congress through the RIDA[1] amendments to the Immigration and Nationality Act ("INA"). District court review of removal orders has now been replaced by statutory provisions directing that review of all removal orders -- even those criminally based orders that had previously been barred from circuit court review -- is exclusively in the circuit courts of appeals.  Because petitioner's removal hearings were completed before an Immigration Judge in Oakdale, Louisiana, see Attachment

---

[1] REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA").  The RIDA was enacted into law on May 11, 2005.

B, jurisdiction for any otherwise cognizable Petition for Review rests if at all only in the Fifth Circuit Court of Appeals.[2]

Respondent[3] therefore moves to dismiss this action for lack of subject matter jurisdiction.

**ARGUMENT**

I.   THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW PETITIONER'S CLAIMS.

Through various sections of the RIDA Congress has amended the judicial review provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., to now explicitly provide that all review of removal orders is exclusively in the appropriate United States Circuit Courts of Appeals, even for aliens who have criminally-based removal orders.  It is now unambiguously directed that no court has any jurisdiction to

---

[2] See 8 U.S.C. § 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). Respondent does not suggest that any such filing now would be timely; however, that is a question for the circuit court in the end. There is no provision of RIDA that authorizes transfer of this action to a circuit court of appeals, because this action was not pending in the district court on May 11, 2005, the date of enactment of the RIDA. See RIDA section 106(c). Also, although it is provided under 28 U.S.C. § 1631 that one court may transfer to another to cure the want of jurisdiction, such transfer is only authorized where the filing in the wrong court was itself timely. Petitioner's final order of removal was issued May 9, 2001, and he did not file the instant action within the statutorily required 30 days from that date.  See 8 U.S.C. § 1252(b)(1).

[3] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of

review such removal orders[4] other than as provided by statute at the circuit court of appeals.[5] Enwonwu v. Chertoff, --- F.Supp.2d --- (D. Mass. 2005) (2005 WL 1631121, at *1 )("Congress stripped this Court of jurisdiction to act in this pending case and all others like it.").

Prior to the enactment of RIDA on May 11, 2005, circuit courts had determined generally that the jurisdictional bar to judicial review at 8 U.S.C. § 1252(a)(2)(C) effectively kept criminally-based deportation and removal cases from being reviewed at the circuit, except for certain threshold jurisdictional questions relating to the bars themselves. See e.g. Sousa v. INA, 226 F.3d 28, 31 (1st Cir. 2000) ("INA section

---

Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

[4] RIDA section 106(a)(1)(B) creates new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

(5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

[5] See 8 U.S.C. § 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the

3

242(a)(2)(C) is not a bar to our considering Sousa's claim that he is not removable as an aggravated felon.").

The result was that petitioners with such criminally-based removal orders sought habeas corpus review of their cases in the district court where possible, because it was held that the absence of an explicit reference to habeas corpus jurisdiction under 28 U.S.C. § 2241 in prior Congressional efforts to limit judicial review was ineffective to restrict such habeas corpus review.  See e.g. Goncalves v. Reno, et al., 144 F.3d 110, 120 (1st Cir. 1998), cert. denied 526 U.S. 1004, ("any repeal of the federal courts' historic habeas jurisdiction must be explicit and make express reference specifically to the statute granting jurisdiction."); Mahadeo v. Reno, et al., 226 F.3d 3, 10 (1st Cir. 2000) (pre-RIDA judicial review provisions for removal orders "lack the clear statement of the congressional intent necessary to eliminate habeas review.").  Also, the absence of any other forum for review of criminally-based removal orders was a factor in court determinations that pre-RIDA judicial review provisions did not repeal habeas corpus review of removal orders by implication.  INS v. St. Cyr, 533 U.S. 289, 314 (2001).

However, with the enactment of RIDA Congress has at once now unequivocally indicated its intent to eliminate habeas corpus review of removal orders and at the same time indicated its intent to provide judicial review for all removal orders in the court of appeals for the judicial circuit in which the

circuit courts of appeals.[6] RIDA section 106(a)(1)(A)(iii) has now created a new section of the INA, section 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D),[7] that explicitly provides for a review for even criminally-based removal cases in the circuit court, viz., "review of constitutional claims or questions of law". Cf. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) (federal courts "retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated."). See also Papageorgiou v. Gonzales, --- F.3d --- (3rd Cir. 2005) (2005 WL 1490454) ("With this [RIDA] amendment, Congress evidenced its intent to restore judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders."); Fernandez-Ruiz

---

immigration judge completed the proceedings.").

[6] See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Under the amendments in section 106, all aliens will get review in the same forum -- the courts of appeal.").

[7] RIDA Section 106(a)(1)(A)(iii) creates new INA section 242(a)(2)(D):

JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.-
Nothing in subparagraph (B) or (C) [i.e., INA sections 242(a)(2)(B) and (C), 8 U.S.C. §§ 1252(a)(2)(B) and (C)], or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

v. Gonzalez, --- F.3d --- (9th Cir. 2005) (2005 WL 1301593, *1) ("By this [RIDA] amendment, Congress restored judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders.").

The RIDA's explicit elimination of subject matter jurisdiction under 28 U.S.C. § 2241 when read with RIDA's explicit provision for "review of constitutional claims or questions of law" for all aliens upon properly filed petitions for review at the circuit court, is now congruent with the Supreme Court's recognition that "Congress could without raising any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal." INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001). See also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention" does not violate the Suspension Clause.).[8]

Additionally, RIDA amends INA section 242(b)(9),[9] 8 U.S.C. § 1252(b)(9), and INA section 242(g),[10] 8 U.S.C. § 1252(b)(g), to

---

[8] Habeas challenges to pure detention -- that is, challenges only as to the fact of detention or continuing detention and not vicariously to the lawfulness of a removal order -- are not affected by the RIDA section 106 jurisdictional amendments. See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Moreover, section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders.").

[9] Amendments made by Section 106(a)(2) RIDA to INA section 242(b)(9):

plainly include 28 U.S.C. § 2241, inter alia, as being within the express terms of those statutory jurisdictional review bars.

The sum and substance of these amendments is to make explicit that no court other than the court of appeals as provided by statute now has any subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States", and respecting "any

---

242(b)(9) CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW.- Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. ***Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.***

(Amended language emphasized).

[10] Amendments made by Section 106(a)(3) RIDA to INA section 242(g):

242(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law ***(statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,*** no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(Amended language emphasized).

cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this [INA]".  INA sections 242(b)(9) and 242(g), respectively, as amended by RIDA.

The effective date for these RIDA judicial review amendments provides that the provisions "shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division [The Real ID Act of 2005]."[11]

Accordingly, under the RIDA amendments the Court lacks subject matter jurisdiction over the petition, and any consideration of petitioner's claim lies only, if at all,[12] at the appropriate circuit court of appeals.

---

[11] RIDA section 106(b) provides for the effective dates of the RIDA section 106(a) amendments:

106(b) EFFECTIVE DATE.- The amendments made by subsection [RIDA 106] (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division.

[12] It is for the circuit court to determine whether any bars exist to its consideration of a particular case.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN  
                    United States Attorney

By:  <u>s/Frank Crowley</u>  
     FRANK CROWLEY  
     Special Assistant U.S. Attorney  
     Department of Homeland Security  
     P.O. Box 8728  
     J.F.K. Station  
     Boston, MA 02114  
     (617) 565-2415

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true copy of the above document to be served upon counsel for petitioner by mail on July 21, 2005.

                    <u>s/Frank Crowley</u>  
                    FRANK CROWLEY  
                    Special Assistant U.S. Attorney  
                    Department of Homeland Security  
                    P.O. Box 8728  
                    J.F.K. Station  
                    Boston, MA 02114

**ATTACHMENT A**

**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of Board of Immigration Appeals

File: A30 342 556 - Oakdale

Date: MAY -9 2001

In re: OMAR TROCHEZ-MEJIA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Stephen A. Lagana, Esquire

ON BEHALF OF SERVICE: Richard J. Averwater
Assistant District Counsel

CHARGE:

Notice: Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
Convicted of aggravated felony

APPLICATION: Waiver of inadmissibility

ORDER:

PER CURIAM. The respondent appeals the decision of an Immigration Judge dated May 18, 1998, finding the respondent removable as charged and finding him ineligible for any form of relief. The respondent's appeal will be dismissed.

The Immigration and Naturalization Service introduced evidence of the respondent's conviction on May 29, 1996, in the West Roxbury District Court in West Roxbury, Massachusetts, for the offense of Assault and Battery by Means of a Dangerous Weapon for which he was sentenced to a term of imprisonment of 2 years. The respondent's removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), was properly established.

At the hearing held on May 18, 1998, the respondent withdrew all applications for relief. On appeal, the respondent states only that he was impermissibly denied section 212(c) relief due to retroactive application of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546. Neither of these Acts were applied retroactively to the respondent as he was placed in removal proceedings after the enactment of both of these acts, and further, the respondent's conviction occurred after the enactment date of AEDPA.

A30 342 556

The respondent asks this Board to assist him, noting that he is from Honduras. As the respondent is not eligible for any form of relief, this Board does not have the authority to exercise discretion on his behalf. While citizens of Honduras have been designated for protection under the Temporary Protected Status program, the respondent is not eligible as he has committed a felony. *See* 8 C.F.R. § 244.4; 65 Fed. Reg. 112, 36719 (2000). The respondent's appeal is dismissed.

_____
FOR THE BOARD

2

**ATTACHMENT B**

IMMIGRATION COURT
1900 E. WHATLEY ROAD
OAKDALE, LA  71463

In the Matter of

TROCHEZ-MEJIA O.                Case: 30-342-556

Respondent                      IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on :
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to HONDURAS
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to
[ ]  Respondent's application for voluntary departure was granted until
         upon posting a bond in the amount of $ _____
     with an alternate order of removal to
[ ]  Respondent's application for asylum was ( )granted  ( )denied
     ( )withdrawn.
[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied  ( )withdrawn.
[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted  ( )denied  ( )withdrawn.
[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
     ( ) denied  ( ) withdrawn.  If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted  ( )denied  ( )withdrawn or ( )other.
[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted  ( )denied  ( )withdrawn.  If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _____
     Date:
     Appeal:    Appeal Due By: 6-17-98

                                        JOHN A. DUCK, JR.
                                        Immigration Judge

BG