# United States Court of Appeals
## For the First Circuit

---

No. 05-2186

OMAR TROCHEZ MEJIA,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

---

Before

Boudin, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

---

JUDGMENT

Entered: August 8, 2005

   This immigration habeas petition was filed in the district court on June 29, 2005. Without acting on the request for stay of removal contained in the petition, the district court transferred the case to this court, purportedly under the Real ID Act. The stay request is therefore before us, and petitioner has also filed a motion for a stay in this court. We are powerless to grant such a stay, however, because we lack jurisdiction both because the case was improperly transferred and because, if considered as a petition for judicial review, it is untimely.

   The Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), <u>as added by</u> § 106(a)(1)(B) of the Real ID Act, Pub. L. 109-13, and directs the district courts to transfer habeas cases (or parts of those cases) challenging a final administrative order of removal that were pending in a district court on May 11, 2005 to the court of appeals for the circuit in which a petition for review could have been properly filed under 8 U.S.C. § 1252, Real ID Act,

§ 106(c), which is the court of appeals for the circuit in which the immigration judge completed the removal proceedings, 8 U.S.C. § 1252(b)(2). The courts of appeals are directed to treat such transferred cases as petitions for review under § 1252, except that the 30-day limit for filing such petitions for review, contained in 8 U.S.C. § 1252(b)(1), shall not apply to such transferred cases. Real ID Act, § 106(c).

There are two problems with the transfer in this case. First, the case was not pending in the district court on May 11, 2005; it was not filed until June 29, 2005. And, second, if the case had been pending in the district court on May 11, 2005, then any such transfer should have been to the Court of Appeals for the Fifth Circuit, since that is the circuit that includes Louisiana, the place where the immigration judge conducted the removal hearing. Furthermore, because the case was not transferable under 106(c) of the Real ID Act, it does not get the benefit of the exception to the 30-day deadline for filing petitions for judicial review. And because the case was filed much more than 30 days (in fact, more than four years) after the final removal order, this court would lack jurisdiction to consider it even if it were filed here in the first instance.

Accordingly the clerk is directed to transfer this case back to the district court. In so doing, we intimate no views on the district court's jurisdiction.

So ordered.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA

By: _____ Date _____

By the Court:

Richard Cushing Donovan, Clerk.

By: _____MARGARET CARTER_____
        Chief Deputy Clerk.

[certified copies: Honorable Patti B. Saris,
   Sarah Allison Thornton, Clerk]

[cc: Jeffrey B. Rubin, Esq., Frank Crowley, Esq., Mark Grady, AUSA, Neil Cashman, Esq., Nora Livers, Michael J. Sullivan, USA]