UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMAR TROCHEZ MEJIA,<br>    Petitioner,<br><br>- v. -<br><br>BRUCE CHADBOURNE,<br>    Respondent. | )<br>)<br>)<br>)   Civil Action No 05-11378-PBS<br>)<br>)<br>)<br>) |

**UNITED STATES MEMORANDUM IN SUPPORT OF ITS MOTION TO RENEW THE MOTION TO DISMISS FOR LACK OF JURISDICTION AND TO VACATE THIS COURT'S STAY OF REMOVAL**

On March 14, 2006, this Court denied the United States' motion to dismiss for lack of jurisdiction without prejudice in light of a recent decision of the Board of Immigration Appeals ("BIA"). That decision denied a motion to reopen filed by this Petitioner seeking to overturn the Petitioner's order of removal on grounds identical to those presented to this Court in the instant habeas corpus proceeding. See Exhibit 1.

The decision of the BIA has no bearing on this Court's jurisdiction, inasmuch as the Petitioner's pursuit of relief from the BIA simply represented the necessary prerequisite to the filing of a petition for review in the Fifth Circuit Court of Appeals in accord with the judicial review provisions of the REAL ID Act of 2005. Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA" or "REAL ID").

The United States hereby renews its motion to dismiss for lack of jurisdiction for the reasons stated in its original memorandum of jurisdiction.

### Argument

Without undue repetition of the more complete outline of facts and argument provided in the United States' initial jurisdictional memorandum, Mejia essentially claims that the Department of Justice ("DOJ") regulations implementing the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. Law. No. 104-132, 110 Stat. 1214, and Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), P.L. 104-208, 110 Stat. 3009, which limited and subsequently repealed relief from removal for aliens convicted of criminal offenses ("Section 212(c) relief"), are unconstitutional.

Specifically, Mejia contends that the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001), precludes any retroactive application of the repeal of Section 212(c) relief. In that Mejia was convicted on May 29, 1996, prior to the effective date of IIRIRA, he contends that the reasoning of St. Cyr controls. Thus, according to Mejia, the DOJ regulations, under which he is ineligible for Section 212(c) relief, are unconstitutional, or in the least, invalid.

The second argument put forth by Mejia follows from this argument. Because he filed the instant petition after May 11, 2005, the effective date of the REAL ID Act, and, since REAL ID purports to eliminate district court habeas

jurisdiction to entertain such claims, Mejia contends that REAL ID has deprived him of a judicial forum for such a claim.[1]

For the reasons stated in the United States' initial jurisdictional memorandum, incorporated by reference herein, neither argument has merit. Any question of whether the REAL ID Act has deprived the district courts of jurisdiction to entertain habeas claims challenging the validity of orders of removal has been conclusively resolved in this circuit since the filing of the United States' initial memorandum.  See Ishak v. Gonzales, 422 F.3d 22 (1st Cir. 2005).

Ishak involved an appeal of a district court's dismissal of a habeas petition challenging a removal order for lack of subject matter jurisdiction under the law as it existed prior to the REAL ID Act.  Id. at 26.  While the appeal was pending, however, REAL ID Act was enacted.  Id. at 26-27.

---

[1] Mejia's argument actually possesses yet another layer of complexity in that he also claims that ineffective assistance of counsel precluded him from filing a "special motion to reopen" as provided in the DOJ regulations which he contends are unconstitutional. See 8 C.F.R. §§ 1003.44 and 1212.3.  In that the regulations are wholly appropriate, and under those regulations, Mejia is ineligible for relief, the Court need not reach the issue.  In any event, this Court lacks jurisdiction to entertain such a claim as Mejia has not, in this Court, or before the BIA (despite more than six months having passed since the filing of this Complaint) complied with the prima facie requirements of such a claim.  See Betouche v. Ashcroft, 357 F.3d 147, 149 (1st Cir. 2004).  Such failure cannot be excused. Tai v. Gonzales, 423 F.3d 1, 6 (1st Cir. 2005) (rejecting the claim that pleading facts constituting

Concluding that the REAL ID Act had unequivocally eliminated district court habeas jurisdiction, the First Circuit affirmed the dismissal on that basis, stating, "the plain language of these [REAL ID Act] amendments . . . strips the district court of habeas jurisdiction. . . .  Regardless whether the district court had habeas jurisdiction under the law existing when it ordered the dismissal of Ishak's habeas petition, *Congress now has definitively eliminated any provision for jurisdiction*."  Ishak, 422 F.3d at 29 (emphasis added).[2]  It is thus beyond rational dispute that this Court lacks subject matter jurisdiction to entertain claims challenging the validity of an order of removal.

Mejia's constitutional challenge to the validity of the REAL ID Act, itself, fails because he has not been deprived of a judicial forum or an "adequate and effective" substitute for habeas relief.  While Mejia does not qualify for transfer under Section 106(c) as his petition was not pending on May 11, 2005, he may

---

ineffective assistance is adequate); and 8 U.S.C. § 1252(d) (precluding jurisdiction in any court over claims not properly administratively exhausted).

[2]  The First Circuit concluded, nonetheless, as the matter was pending at the time of enactment, that the matter was appropriately transferred under Section 106 (c) of the REAL ID Act.  Section 106(c) provided that any habeas action challenging the validity of an order of removal, pending at the time of enactment, was to be transferred to the appropriate court of appeals and would treated as if it had been filed as a timely petition for review.  Id. at 29-30; REAL ID Act, Section 106(c).  On issues not germane to the instant claim, the First Circuit affirmed the order of removal on its merits. Id. at 30-33.

appeal the denial of the motion to reopen to the Fifth Circuit Court of Appeals. See 8 U.S.C. § 1252.

Any legal or constitutional challenge to the regulations, or the REAL ID Act itself, may be pursued in such an appeal. See 8 U.S.C. § 1252(a)(2)(D) (providing for review of "constitutional claims or questions of law" in any properly filed petition for review); and Enwonwu v. Gonzales, 438 F.3d 22, 33-34 (1st Cir. 2006) (rejecting limited constitutional challenges to the validity of the REAL ID Act and finding, *inter alia*, that the REAL ID Act provides an adequate an effective substitute for habeas relief where an alien, such as Mejia, raises a purely legal issue). The Fifth Circuit Court of Appeals is empowered to hear any legal or constitutionally based challenge to Mejia's removal order, see 8 U.S.C. § 1252(a)(2)(D), and Congress has expressly directed that such claims must be heard in that forum. See 8 U.S.C. § 1252(a)(2)(C)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review[3] of an order of removal entered or issued under any provision of this chapter . . .").

---

[3] To the extent that the Supreme Court drew a distinction between "judicial review" and "habeas review" in St. Cyr, 589 U.S. at 311-312, that distinction has

Finally, while not an issue within this Court's jurisdiction, at issue in this matter is not the provision of IIRIRA that repealed Section 212(c) (as was the case in <u>St. Cyr)</u>. Instead, Mejia is precluded from seeking Section 212(c) relief by the prospective application of Section 440(d) of the AEDPA which became effective in April 1996. Mejia pled guilty in May of 1996, after its effective date. That provision rendered "aggravated felons" ineligible for Section 212(c) relief. To be sure, in May of 1996, Mejia's crime did not constitute an "aggravated felony," however, in enacting IIRIRA later that year, Congress expressly provided that its expansion of the term "aggravated felon" was to be applied retroactively.[4]

The prospective application of Section 440(d) of AEDPA, coupled with the retroactive application (consistent with the express intent of Congress) of the expanded definition of "aggravated felony" rendered Mejia ineligible for Section 212(c) relief. Thus, as is more fully outlined in the United States' initial

---

been eliminated in the REAL ID Act. <u>See</u> 8 U.S.C. § 1252(a)(2)(C)(5) ("For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)").

[4] In <u>St. Cyr</u> itself, the aggravated felon provision was cited by the Supreme Court as an example of a provision in which Congress expressed unequivocal intent to have retroactive application. <u>St. Cyr</u>, 533 U.S. at 319; <u>see also</u> <u>Sousa v. INS</u>, 226 F.3d 28, 33-34 (1st Cir. 2000)(same).

memorandum, the regulations precluding relief for Mejia are appropriate and wholly consistent with the intent of Congress.[5]

## Conclusion

For these reasons, and for the reasons set out in the United States' Jurisdictional Memorandum, incorporated by reference herein, the United States requests that the matter be dismissed for lack of subject matter jurisdiction and that this Court's stay be vacated.

> Respectfully Submitted,
> MICHAEL J. SULLIVAN
> United States Attorney
> /s/ Mark J. Grady
> MARK J. GRADY
> Assistant U.S. Attorney
> U.S. Attorney's Office
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA  02210
> Tel. No. (617) 748-3136

---

[5] St. Cyr was not, as is often thought, a limitation upon Congress' ability to retroactively deny aliens relief from removal based upon aliens' reliance on the availability of such relief.  Instead, the court found, as a matter of statutory interpretation, that the repeal of Section 212(c) did not express any intent that such repeal have retroactive application.  Conversely, where Congress has clearly expressed such an intent, there are virtually no limits upon congressional power to strip relief from removal.  See United States' Jurisdictional Memorandum, Section IV.

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Kathleen M. Gillespie, Esquire
One Center Plaza
Suite 230
Boston, MA 02108-0000

FEDERAL DET. CENTER-OAKDALE 2
P.O. Box 1128
OAKDALE, LA 71463

Name: TROCHEZ-MEJIA, OMAR        A30-342-556

<u>Date</u> of this notice: 03/10/2006

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*F.T. K* 

Frank Krider
Chief Clerk

Enclosure

Panel Members:
 OSUNA, JUAN P.

**RECEIVED**

MAR 1 4 2006

LAW OFFICES OF
JEFFREY B. RUBIN, P.C.

| U.S. Department of Justice | Decision of the Board of Immigration Appeals |
|---|---|
| Executive Office for Immigration Review | |
| Falls Church, Virginia 22041 | |

File:   A30 342 556 - Oakdale                     Date:

In re: OMAR TROCHEZ-MEJIA a.k.a. Omar Trochez      MAR 1 0 2006

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Kathleen M. Gillespie, Esquire

ON BEHALF OF DHS:     Lorraine L. Griffin
                      Assistant Chief Counsel

APPLICATION: Reopening; reissuance of decision

This matter was last before the Board of Immigration Appeals on May 9, 2001, when we dismissed the respondent's appeal from an Immigration Judge's decision that pretermitted his application for a waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), and ordered him removed to his native Honduras. On October 13, 2005, the respondent filed the present motion, in which he requests that we reissue our decision of May 9, 2001, in order to preserve his appeal rights or, alternatively, reopen the removal proceedings *sua sponte* so that he may pursue an application for section 212(c) relief in Immigration Court. The Department of Homeland Security (the "DHS"), formerly the Immigration and Naturalization Service, opposes the motion. The motion will be denied.

As a threshold matter, the respondent's motion his untimely to the extent that it seeks reopening for the purpose of pursuing an application for relief from removal. 8 C.F.R. §§ 1003.2(c)(2) and 1003.44(h). The respondent appears to acknowledge the untimeliness of his motion and therefore requests that we reopen the proceedings *sua sponte* pursuant to our limited regulatory authority under 8 C.F.R. § 1003.2(a) (2005). We decline to do so. This Board's authority to reopen proceedings *sua sponte* is limited to exceptional circumstances and is not meant to cure filing defects or to circumvent the regulations where enforcing them might result in hardship. *Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997). The respondent has identified no exceptional circumstance that would warrant such an extraordinary remedy. Indeed, he has not even demonstrated prima facie eligibility for the relief he requests.

The respondent requests reopening so that he may apply for a section 212(c) waiver. As our decision of May 9, 2001, made clear, however, such relief is simply unavailable to him. In May of 1996 the respondent was convicted pursuant to a guilty plea in Massachusetts of the offense of assault and battery by means of a dangerous weapon in violation of MASS. GEN. LAWS ch. 265, § 15A, and was sentenced to a 2-year term of imprisonment. As a result of this conviction, he was ordered removed from the United States as an alien who has been convicted after admission of an "aggravated felony"; to wit, a crime of violence under 18 U.S.C. § 16 for which the term of imprisonment was at least 1 year. *See* sections 101(a)(43)(F) and 237(a)(2)(A)(iii) of the Act,

A30 342 556

8 U.S.C. §§ 1101(a)(43)(F) and 1227(a)(2)(A)(iii). At the time of the respondent's plea in May of 1996, an alien deportable by virtue of having been convicted of an aggravated felony was statutorily ineligible for section 212(c) relief pursuant to section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (effective April 24, 1996).[1] Furthermore, even if AEDPA § 440(d) had not rendered the respondent categorically ineligible for section 212(c) relief by virtue of his status as an alien convicted of an aggravated felony, he would nonetheless have been ineligible for such relief because the particular aggravated felony category under which he was charged; i.e., the crime of violence category, has no statutory counterpart in the grounds of inadmissibility under section 212(a) of the Act. *Matter of Brieva*, 23 I&N Dec. 766 (BIA 2005); *see also Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993). Because the respondent was not eligible for section 212(c) relief at the time of his plea under the law then if effect, *INS v. St. Cyr*, 533 U.S. 289 (2001), his motion for *sua sponte* reopening will be denied.

As an alternative to *sua sponte* reopening, the respondent requests that this Board reissue its final administrative decision of May 9, 2001, so that he may seek judicial review of it in the federal courts. At the time of our prior decision in May of 2001, the Federal Courts of Appeals had no jurisdiction over petitions for review filed by aliens, such as the respondent, who were removable on account of an aggravated felony conviction, *see* section 242(a)(2)(C) of the Act, 8 U.S.C. § 1252(a)(2)(C) (2000), although some aliens who were in Government custody subsequent to being ordered removed could seek judicial review of their removal orders by means of a petition for habeas corpus. *INS v. St. Cyr*, *supra*, at 314. The respondent could not have sought habeas review, however, because he was not taken into Government custody until June of 2005, by which time the law had changed in such a manner that United States District Courts no longer had jurisdiction to entertain habeas petitions seeking to challenge removal orders. *See* section 106(a)(1)(B) of the Real ID Act of 2005 ("RIDA"), Division B of Pub. L. No. 109-13, 119 Stat. 231 (effective May 11, 2005). Although RIDA § 106(a)(1)(A)(iii) has restored the jurisdiction of the Federal Courts of Appeals to review certain legal and constitutional claims of criminal aliens on petitions for review, the respondent apparently cannot take advantage of this provision because any petition for review he could file would be untimely, i.e., not filed within 30 days after our final administrative order of removal, as required

---

[1] The respondent's offense would not have been classifiable as an aggravated felony in May of 1996 because, although it was a crime of violence, it did not result in a term of imprisonment of at least 5 years, as required by the version of section 101(a)(43)(F) then in effect. It is well settled, however, that the amendments to the aggravated felony definition made by section 321(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Div. C of Pub. L. No. 104-208, 110 Stat. 3009 (September 30, 1996), were intended by Congress to apply retroactively to convictions entered before, on or after IIRIRA's effective date. *See* IIRIRA § 321(c); *Renteria-Gonzalez v. INS*, 322 F.3d 804, 815 (5th Cir. 2002). By making section 212(c) relief unavailable to any alien convicted of an aggravated felony, AEDPA § 440(d) gave the respondent fair notice–as of the date of his plea–that if his offense were to be recharacterized retroactively as an aggravated felony (as, in fact, it was by IIRIRA § 321) he would cease to be eligible for section 212(c) relief. *United States v. Velasco-Medina*, 305 F.3d 839, 850 (9th Cir. 2002), *cert. denied*, 540 U.S. 1210 (2004).

A30 342 556

by section 242(b)(1) of the Act.[2] Consequently, unless this Board reissues its decision of May 9, 2001, the respondent may have no means of obtaining review of that decision.

While we sympathize with the respondent's predicament, under the circumstances it is evident no legitimate basis exists for us to reissue our decision of May 9, 2001. It is the policy of this Board to disturb the finality of our decisions by means of reissuance only where some administrative error at the Board has resulted in a defect of service which, if not corrected, would prevent a party from perfecting a timely appeal or complying with a voluntary departure deadline. *See generally Roy v. Ashcroft*, 389 F.3d 132, 135-36 (5th Cir. 2004). In some cases, moreover, we have reissued decisions in order to remedy a lack of notice arising from the ineffective assistance of an alien's counsel of record, i.e., where the alien's attorney received notice of our decision but failed to inform the alien of such receipt until after the relevant filing deadline had passed. As with any other power of this Board, however, our authority to reissue decisions cannot extend beyond the scope of our appellate jurisdiction, as defined by 8 C.F.R. § 1003.1(b). *Matter of Hernandez-Puente*, 20 I&N Dec. 335, 339 (BIA 1991). Thus, an implicit qualification on our power to reissue a decision is that such reissuance be necessary to safeguard the fairness of a proceeding over which we have jurisdiction. The present respondent does not allege that his difficulty in obtaining judicial review is a result of any administrative error on the part of this Board or his former counsel of record, nor will the fairness of his administrative removal proceedings be compromised if our prior decision is not reissued. Instead, this respondent's difficulty arises solely from the operation of section 242 of the Act, a judicial review statute over which we have no jurisdiction. If the respondent wishes to argue that section 242 is unconstitutional as applied to him, or that his inability to perfect an appeal is an "unintended" consequence of the recent amendments to that statute, he must pursue this argument in a court of competent jurisdiction. The motion to reissue will be denied.

The following orders shall be issued.

ORDER: The respondent's request for *sua sponte* reopening is denied.

FURTHER ORDER: The respondent's request for reissuance of our final decision of May 9, 2001, is denied.

_____
FOR THE BOARD

---

[2] We recognize that the 30-day deadline for filing a petition for review of a final order of removal is jurisdictional and mandatory, and therefore it cannot be equitably tolled. *Stone v. INS*, 514 U.S. 386, 405-06 (1995).

3